**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| LUIS TORRES CRESPO and | : | CIVIL ACTION NO.: |
| TSU TSUMI CUEBAS TORRES H/W | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MARS WRIGLEY CONFECTIONARY US, | : | |
| LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |

_____

**NOTICE AND PETITION OF REMOVAL OF**
**DEFENDANT, MARS WRIGLEY CONFECTIONARY, LLC**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Mars Wrigley Confectionary US, LLC, by and through their attorneys, Goldberg Segalla LLP, submit this Notice and Petition for Removal from the Court of Common Pleas of Lancaster County, Pennsylvania, in which the above-captioned matter is now pending, to the United States District Court for the Eastern District of Pennsylvania. In support of said Notice and Petition, Defendant avers as follows:

1.      Plaintiffs, Luis Torres Crespo and Tsu Tsumi Cuebas, commenced this personal injury action in the Court of Common Pleas of Lancaster County, No. CI-23-00300, by filing their complaint against Defendant on January 13, 2023.  (*See* Exhibit "A").

2.      This matter arises from an alleged incident that occurred on June 9, 2022, at Defendant's facility located at 295 Brown Street, Elizabethtown, PA 17022.

3.      Plaintiffs' Complaint brings causes of action sounding in Negligence, False Imprisonment, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Loss of Consortium, as well as claims for Punitive Damages.   (*See* Exhibit "A").

**Timeliness Of Removal**

4.     This Notice of Removal is timely filed in compliance with 28 U.S.C. §1446(b) as it is being filed within thirty (30) days from the date upon which Defendant was served with the Complaint.  (*See* Exhibit "B" and Exhibit "C").

**Diversity of Citizenship**

5.     28 U.S.C. §1441(a) provides that a state court action over which a district court of the United States would possess original jurisdiction may be removed to the district court for the district and division embracing the place where the state court action is pending.

6.     A district court shall have original jurisdiction over a proceeding wherein the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C.  §1332(a).

7.     A corporation shall be deemed to be a citizen of the state in which it is incorporated and the state of its principal place of business. 28 U.S.C. §1332(c)(1).

8.     The citizenship of an unincorporated business trust is dependent upon the citizenship of its trustees and beneficiaries.  *Americord Realty Trust v. Conagra Foods,* 136 S. Ct. 1012 (2016); *Luminent Mort. Capital, Inc. v. Merrill Lynch*, 652 F. Supp. 2d 576, 587 (E.D. Pa. 2009).

9.     According to the Complaint in the instant case, Plaintiffs are citizens of the Commonwealth of Pennsylvania.  (*See* Exhibit "A").

10.     Mars Wrigley Confectionary US, LLC is a wholly owned subsidiary of Mars, Incorporated (hereinafter "Mars, Inc.")

11.     Mars, Inc. is incorporated in Delaware and has a principal place of business in Virginia.

12.     Therefore, diversity of citizenship exists as Plaintiffs are citizens of Pennsylvania and Defendant is a citizen of States other than Pennsylvania.

## Amount in Controversy

13.     If a party seeks the removal of an action based upon diversity of citizenship and demands nonmonetary relief in its initial pleading, the notice of removal may state the amount in controversy and the action will be removable if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.  28 *U.S.C.* §1446 (c)(2).

14.     Here, the court should find, by a preponderance of the evidence, that the amount in controversy is in excess of $75,000 as plaintiffs have refused to sign a stipulation certifying that the damages alleged are valued at less than $75,000.

## Plea for Removal

15.     There is complete diversity of citizenship and the amount in controversy exceeds the jurisdictional requirement of seventy-five thousand dollars ($75,000.00); therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and removal of this proceeding to this Court is proper pursuant to 28 U.S.C. § 1441.

16.     No defendant is a citizen of the forum state of Pennsylvania such that removal is not precluded by 28 U.S.C. §1441(b).

17.     Since the Lancaster County Court of Common Pleas is located within the Eastern District of Pennsylvania, removal of this case to the United States District Court for the Eastern District of Pennsylvania is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

18.     Defendant has contemporaneously with the filing of this Notice and Petition of Removal given written notice to all counsel and unrepresented parties of the removal of this matter.

19.     Promptly after filing the within Notice and Petition of Removal, a copy of same will be filed with the Prothonotary of the Court of Common Pleas of Lancaster County, Pennsylvania in accordance with 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant, Mars Wrigley Confectionary US, LLC, respectfully requests that this civil action be removed from the Court of Common Pleas of Lancaster County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

Date:   February 27, 2023                    By: /s/ *Christina L. Capobianco*
                                                  Christina L. Capobianco, Esquire
                                                  Vikas Bowry, Esquire
                                                  *Attorneys for Defendant,*
                                                  *Mars Wrigley Confectionary US, LLC*

## CERTIFICATE OF SERVICE

I, Christina L. Capobianco, hereby certify that this 27th day of February 2023, a true and correct copy of the foregoing Notice and Petition of Removal of defendant, Mars Wrigley Confectionary US, LLC was served via the Court's ECF and by electronic mail upon the following:

James M.P. Turner, Jr., Esquire
***Furia and Turner, LLC***
120 E. State Street
Media, PA 19063
*Attorney for Plaintiffs,*
*Luis Torres Crespo and Tsu Tsumi Cuebas Torres*

**GOLDBERG SEGALLA LLP**

By: /s/ *Christina L. Capobianco*

Christina L. Capobianco, Esquire
Vikas Bowry, Esquire
Attorney ID No. 95105
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
(P) 267-519-6800; (F) 267-519-6801
*Attorneys for Defendant,*
*Mars Wrigley Confectionary US, LLC*

# "EXHIBIT A"

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Jan 13 2023 11:00AM
Ryan McMinn

FURIA AND TURNER, LLC.
By: JAMES M.P. TURNER, JR., ESQUIRE
Attorney I.D. Number: 39738
120 E. State Street
Media, PA 19063
(215) 985-4500
Jturner@furiaandturner.com

THIS IS A MAJOR JURY MATTER

ASSESSMENT OF DAMAGES
IS REQUIRED

| | |
|---|---|
| **LUIS TORRES CRESPO and** | : |
| **TSU TSUMI CUEBAS TORRES, H/W** | : **COURT OF COMMON PLEAS** |
| **230 Fairview Avenue** | : |
| **Lancaster, PA 17603** | : **LANCASTER** CI-23-00300 |
| | : |
| **VS.** | : |
| | : |
| **MARS WRIGLEY CONFECTIONERY US, LLC** | : |
| **295 Brown Street** | : |
| **Elizabethtown, PA 17022** | : |

---

## CIVIL ACTION-COMPLAINT

☐Notice

☐You have been sued in court. If you wish to defend against the claims set forth in the following pages you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may que si
proceed without you and a judgment may be entered against you by the court without further notice for any other money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

☐YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE. GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lancaster BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
28 E. Orange Street
Lancaster, Pennsylvania 17602
(717) 393-0737"

☐Aviso

☐Le han demandado a usted en la corte Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado

usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted crumpla con todas las provisiones de esta demanda. Usted puede perder Dinero o sus propiedades u otros derechos importantes para usted.

☐LLEVE ESTA DEMANDA A UNO ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL
28 E. Orange Street
Lancaster, Pennsylvania 17602
TELEFONO: (717) 393-0737"

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Jan 13 2023 11:00AM
Ryan McMinn

FURIA AND TURNER, LLC.          **THIS IS A MAJOR JURY**
By: JAMES M.P. TURNER, JR., ESQUIRE   **MATTER**
Attorney I.D. Number: 39738
120 E. State Street
Media, PA 19063              **ASSESSMENT OF DAMAGES**
(215) 985-4500               **IS REQUIRED**
Jturner@furiaandturner.com

| | |
|---|---|
| LUIS TORRES CRESPO and | :       **CI-23-00300** |
| TSUTSUMI CUEBAS TORRES, H/W | : **COURT OF COMMON PLEAS** |
| 230 Fairview Avenue | : |
| Lancaster, PA 17603 | :     **LANCASTER COUNTY** |
| | : |
| **VS.** | : |
| | : |
| MARS WRIGLEY CONFECTIONERY US, LLC | : |
| 295 Brown Street | : |
| Elizabethtown, PA 17022 | : |

### CIVIL ACTION COMPLAINT

1. Plaintiffs, **LUIS TORRES CRESPO and TSUTSUMI CUEBAS TORRES**, are adult individuals residing at 230 Fairview Avenue, Lancaster, PA 17603.

2. Defendant, **MARS WRIGLEY CONFECTIONERY US, LLC**, (hereinafter referred to as "MARS") is a corporation, partnership, sole proprietorship, unincorporated association, or other legal entity doing business and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 295 Brown Street, Elizabethtown, PA 17022.

3. On or about June 9, 2022, Defendant, MARS, owned, possessed, controlled, conducted, and/or maintained the building, and confectionary micron tanks, located at 295 Brown Street, Elizabethtown, PA 17022

2

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Jan 13 2023 11:00AM
Ryan McMinn

4.   On or about June 9, 2022, Defendant, MARS, did employ certain employees, workmen, servants, agents who were on duty at Defendant's facility at all times relevant herein.

5.   On or about June 9, 2022, Plaintiff's employer I.K. Stoltzfus Service Corporation was retained by the Defendant, MARS, to clean certain micron tanks at the Defendant's facility, specifically the Dove chocolate batching 20 micron tank.

6.   On or about the aforesaid date, Plaintiff, LUIS TORRES CRESPO, was an employee of I.K. Stoltzfus Service Corporation, and was instructed by employees, agents, servants, or workmen of Defendant, Mars, to enter the Dove chocolate batching 20 micron tank to clean same.

CI-23-00300

7.   At all times mentioned herein, Defendant, MARS, acted, or failed to act, through its agents, servants and/or employees, acting for Defendant's benefit, under Defendant's control, and within the course and scope of their authority and/or employment.

8.   On or about June 9, 2022, while cleaning the Dove chocolate batching 20 micron tank, the composite that was remaining in said tank, at the time that the cleaning was commenced, hardened, trapping the Plaintiff in said composite, and in said tank itself.

9.   Despite the Plaintiff's cries for help to extricate him from the composite which had hardened, the agents, servants, workmen, and or employees of the Defendant Mars refused to extricate the Plaintiff from the hardened substance by simply cutting a hole in the micron tank itself, leaving Plaintiff trapped in the hardened substance for over six (6) hours, until finally the local authorities were notified and arrived on the scene, at which time the local authorities cut a hole in the micron tank and extricated the Plaintiff from the hardened substance.  By the time the Plaintiff was extricated from the hardened substance, the Plaintiff was in and out of consciousness. As a result of the incident described above the Plaintiff sustained serious permanent personal injuries, which are referred to below.

3

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Jan 13,2023 11:00AM
Ryan McMinn

10. The solidifying of the substance located in the tank in question was not caused whatsoever due to any act or failure to act on the part of the Plaintiff.

**COUNT I**
**PLAINTIFF, LUIS TORRES CRESPO V. DEFENDANT, MARS**

11. Plaintiff, LUIS TORRES CRESPO, incorporates herein by reference Paragraphs 1 through 10 inclusive, of this Civil Action Complaint as fully as though the same were set forth herein at length.

**CI-23-00300**

12. Defendant, MARS, through its agents, workmen, servants or employees owed to Plaintiff a duty of care suitable and reasonable for the circumstances and conditions then existing.

13. All injuries, damages and losses sustained by Plaintiff as set forth in the within Complaint, were caused solely by the negligence, recklessness and carelessness of the Defendant, MARS, by and through its agents, servants, workmen and/or employees, as follows:

(a)  The Defendant failed to have its lockout or tagout devices affixed to each energy isolating device by authorized employees of the Defendant in violation of 29 CFR 1910.147(d)(4)(i);

(b)  When locking out the Dove chocolate batching 20 micron tank for cleaning, the Defendant's authorized employees locked out only four energy sources; and not the six energy sources, the machine-specific procedure for the tank in question identified as needing to be locked out, on or about June 8, 2022, the day before the incident in question;

(c)  The Defendant failed to advise Plaintiff's employer of the proper lockout or tagout procedures for the tank in question in violation of 29 CFR 1910.147(f)(2)(i).

4

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Jan 13 2023 11:00AM
Ryan McMinn

(d)     The Defendant failed to provide Plaintiff's employer with the required energy control procedures prior to permitting Plaintiff's employer to commence with the cleaning of the tank in question;

(e)     The Defendant failed to meet with the Plaintiff's employer prior to the Plaintiff's employer permitting the Plaintiff and others into the tank in question, to clean same, so as to advise Plaintiff's employer of all of the safety regulations that Plaintiff's employer would have to abide by in performing its task of cleaning out the tank in question;

CI-23-00300

(f)     The Defendant failed to meet with the Plaintiff's employer prior to the Plaintiff's employer permitting the Plaintiff and others into the tank in question, to determine the methods that Plaintiff's employer was planning on using to clean out the tank in question, prior to doing so, in order for the Defendant to determine whether the methods that Plaintiff's employer was planning on using were safe under the circumstances, given the fact that the tank in question is owned and operated by the Defendant;

(g)     The Defendant did not conduct a periodic inspection of the energy control procedure for cleaning the tank in question at least annually to ensure that the procedures and the requirements of 29 CFR 1910.147(c)(6)(i) were being followed;

(h)     The Defendant did not conduct a periodic inspection of lockout/tagout procedures, including, but not limited to, the lockout/tagout procedure for the Dove chocolate batching 20 micron tank, on or about June 8, 2022, the day before the incident in question;

5

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Jan 13 2023 11:00AM
Ryan McMillan

(i)     The Defendant failed to notify the Plaintiff's employer of the elements, including the hazards identified, and the Defendant's experience with the cleaning of the tank in question in violation of 29 CFR 1910.146(c)(8)(ii);

(j)     The Defendant negligently failed to warn Plaintiff, or Plaintiff's employer, of the potential for the chocolate composite to harden when portable environmental control units are used during clean-out procedures;

CI-23-00300

(k)     The Defendant did not ensure that when the Plaintiff entered the tank in question that said Plaintiff had a retrieval line attached to a mechanical device or fixed point outside the tank in such a manner that rescue could begin as soon as the rescuer becomes aware that rescue was necessary as the standards with regard to same state that a mechanical device shall be available to retrieve personnel from vertical type permit spaces more than five (5) feet deep in accordance with 29 CFR 1910.146(k)(3)(iii);

(l)     The Defendant did not ensure that Plaintiff, while working in the tank in question, was utilizing proper emergency retrieval equipment in that Plaintiff was wearing a harness with life-lines, and that the life lines were attached to a fixed point or retrieval device on the day in question;

(m)     The Defendant did not ensure, prior to Plaintiff starting work on the machines or equipment that had been locked out or tagged out, that the Plaintiff verified that isolation and de-energization of the tank had been accomplished in accordance with 29 CFR 1910.147(d)(6);

(n)     The Defendant failed to ensure that the Plaintiff verified isolation and de-energization of all energy sources prior to applying locks to the group lock box

6

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Jan 13 2023 11:00AM
Ryan McGinn

and commencing work in the tank in question, exposing the Plaintiff to hazards such as the Plaintiff becoming trapped, stuck-by, or engulfed by the composite remaining in the tank on the day in question;

(o)    Failing to formulate, adopt, implement, observe and enforce appropriate rules, regulations, policies, protocols, and standards of conduct regarding the proper methods to extricate someone from the tank in question;

**CI-23-00300**

(p)    Failing to properly train, supervise, and control the activities of, its personnel who were assigned the oversight of the Plaintiff on the day in question;

(q)    Failing to summon help from others and/or the police once said Defendant learned of the entrapment;

(r)    in failing to take appropriate measures to ensure the safety of the Plaintiff when the Defendant knew or should have known that the possibility of entrapment in the tank in question, while the Plaintiff was performing his work duties, was entirely possible under the circumstances;

(s)    in failing to maintain a reasonably safe facility;

(t)    in failing to monitor and observe all individuals, such as the Plaintiff herein, for their safety and well-being while in Defendant's facility;

(u)    in failing to warn Plaintiff of the possibility of the entrapment referred to above;

(v)    in failing to adequately warn Plaintiff that there had been prior entrapments in the tank in question prior to Plaintiff performing his work on the day in question;

(w)    in causing and/or permitting improperly and inadequately trained and supervised personnel to monitor Plaintiff's cleaning of the tank on the day in question;

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Jan 13 2023 11:00AM
Ryan McGinn

(x)    in failing to follow proscribed OSHA rules, regulations and policies and accepted standards and procedures in the operation of it's facility;

(y)    in otherwise grossly deviating from the ordinary standard of care for extricating an individual, such as the Plaintiff herein, from one of its tanks after the Plaintiff because trapped in same;

(z)    in otherwise being grossly negligent, reckless and careless under the circumstances by not ensuring that the entrapment would not take place under any set of circumstances, and then in not immediately extricating the Plaintiff from the tank, but instead leaving Plaintiff, trapped in Defendant's tank for six (6) hours before notifying local authorities to aid in the extrication of the Plaintiff from the tank in question;

CI-23-00300

(aa)   in failing to provide a safe work place for the Plaintiff herein;

(bb)   Failure to properly train, teach, or instruct its employees, servants, workmen, and/or agents to contact and request assistance from governmental authorities who are fully and adequately trained in the proper and reasonable use of extricating someone such as the Plaintiff from the tank in question in a reasonable manner;

(cc)   Failure to formulate, adopt and enforce rules and policies to ensure the safety of business invitees such as the Plaintiff;

(dd)   The Defendant failed to maintain the tank in question, with routine cleaning of same, which most likely led to the problem encountered on the day in question;

(ee)   The Defendant failed to ensure that anyone who was caused to enter the tank in question, such as the Plaintiff herein, would have an easy, or safe method to exit same in the event of an emergency; and

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Jan 13 2023 11:00AM
Ryan McMinn

(ff)     The Defendant failed to have to establish, prior to the incident referred to above in

plan to safely extricate anyone who was caused to enter the tank in question, such

as the Plaintiff herein, and who may become trapped in said tank.

(gg)     failing to properly train and/or instruct employees in how to

respond and react to emergencies, such as the incident in question,

in order to provide safe assistance to people utilizing said elevators

such as Plaintiff;

CI-23-00300

## COUNT II
## PLAINTIFF, LUIS TORRES CRESPO VS. DEFENDANT, MARS

14. Plaintiff, LUIS TORRES CRESPO, incorporates herein by reference Paragraphs 1

through 13, inclusive, of this Civil Action Complaint as fully as though the same were set forth

herein at length.

15. As a direct and proximate result of the Defendant's actions, Plaintiff suffered

grave and traumatic injuries, including injuries to his left knee, left kidney, entire left leg from

below the knee, head; the full extent of which is not yet known, including, but not limited to,

rhabdomyolysis; acute kidney injury;  right ankle sprain; right knee sprain, left knee sprain, right

leg laceration; anxiety; post-traumatic stress disorder; depression; sleep disturbance; disruptions

in functioning including increased feelings of dysphoria, avoidance behaviors at work; increased

emotional distress, mode lability and panic; flashbacks; social withdrawal; nightmares; severe

aches, pains and mental anguish; injury to his nerves and nervous systems, whereby he has in the

past, and will continue in the future to suffer severe pain..

16. As a direct and proximate result of the aforesaid incident, Plaintiff sustained

9

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Jan 13 2023 11:00AM
Ryan McMinn

severe and permanent injuries to his body by reason of which he was rendered sick, sore, lame,

and disordered.

17. As a direct and proximate result of the aforesaid incident, Plaintiff was obliged to

undergo medical treatment and care and has incurred various expenses for the injuries he

sustained.

18. Plaintiff's injuries cause constant pain, discomfort, and limitation of motion, all of

which injuries are or may be permanent in nature.

CI-23-00300

19. Plaintiff, as a result of said injuries, probably may, and will in the future, be

obliged to expend large and various sums of money for medicine and medical attention in and

about endeavoring to treat and cure himself of his injuries.

20. As a further result of this accident, Plaintiff has been, and will in the future, be

obliged to undergo medical attention and care, expend various sums of money, and incur various

expenses for the injuries he has sustained.  Plaintiff may be obliged to continue to undergo such

medical attention and care, expend such sums, and incur such expenses for an indefinite period

of time into the future.

21. As a further result of the accident, Plaintiff has, or may, suffer an injury which

may be of a psychological nature, all of which may and probably will be of a permanent nature

or irreparable and severe.

22. As a direct and proximate result of this accident, Plaintiff has, or may hereinafter,

incur other financial losses or expenses, which do or may exceed amounts which he might

otherwise be entitled to recover.

23. As a result of the Defendant's negligence, Plaintiff has, and probably will in the

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Jan 13 2023 11:00AM
Ryan McMinn

future, be hindered from attending to and performing his usual and daily activities, duties and

recreational social pursuits.

**WHEREFORE**, Plaintiff, **LUIS TORRES CRESPO**, demands judgment against

Defendant, **MARS**, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT III
### PLAINTIFF, LUIS TORRES CRESPO v. DEFENDANT, MARS

CI-23-00300

24. Plaintiff, incorporates herein by reference paragraphs 1 through 23, inclusive, as fully

as though the same were set forth herein at length.

25. The conduct and actions of Defendant, by its agent, servant, workman, employee and/or

representative, as hereinabove more fully described constituted reckless disregard for the rights

and safety of the Plaintiff.

26. As a result of the aforementioned conduct, the Plaintiff has sustained injuries as set

forth in paragraphs 15 through 23 herein above, which said paragraphs are fully incorporated

herein by reference.

27. The actions of the Defendant by and through its agent, servant, workman and/or

employee were so reckless and irresponsible as to rise to the level of gross negligence or willful

and wanton misconduct justifying the imposition of punitive damages.

WHEREFORE, Plaintiff LUIS TORRES CRESPO demands that such punitive damages

be assessed against Defendant as will serve as the deterrent against such future similar conduct,

which said punitive damage are claimed of Defendant in a sum in excess of Fifty Thousand

($50,000.00) Dollars.

## COUNT IV
### PLAINTIFF, LUIS TORRES CRESPO v. DEFENDANT, MARS

28. Plaintiff, incorporates herein by reference paragraphs 1 through 27, inclusive, as fully

as though the same were set forth herein at length.

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Jan 13 2023 11:00AM
Ryan McMinn

29. At the time, date and place aforesaid, Defendant, did intentionally, wrongfully and without cause falsely imprisoned the Plaintiff within the aforesaid tank and/or within a portion thereof for approximately six (6) hours while Plaintiff repeated screamed for help begging the Defendant's employees to extricate him from the tank in question and the Defendant's employees simply ignored Plaintiff's cries.

30. The deprivation of the Plaintiff's liberty and freedom referred to hereinabove was in reckless disregard of Plaintiff's rights and interest. **CI-23-00300**

31. In falsely imprisoning the Plaintiff as herein alleged, Defendant, acted willfully and maliciously, and in wanton disregard of Plaintiff's rights.

32. By reason of the acts and conduct of Defendant, as hereinabove alleged, the Plaintiff was caused to and did suffer great humiliation and embarrassment, suffered great shock to his nerves and nervous system, and was made to and did become physically and emotionally ill, all to his great loss and detriment.

33. As a result of the aforementioned conduct, the Plaintiff has sustained injuries as set forth in paragraphs 15 through 23 above, which said paragraphs are fully incorporated herein by reference.

34. Further as a result of the above-described incident, Plaintiff has suffered injury and damage to his nerves and nervous system, an anxiety reaction and severe nervous shock, any and all of which injuries may be permanent in nature and all of which injuries have caused Plaintiff great pain and suffering and may continue to cause great pain and suffering in the future, and have prevented him from tending to his usual duties, occupations and pastimes, any and all of which may continue for an indefinite time in the future.

**WHEREFORE**, Plaintiff, **LUIS TORRES CRESPO**, demands judgment against Defendant, **MARS**, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT V

12

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Jan 13 2023 11:00AM
Ryan McMinn

### PLAINTIFF, LUIS TORRES CRESPO v. DEFENDANT, MARS

35. Plaintiff, LUIS TORRES CRESPO incorporates herein by reference paragraphs 1 through 34, inclusive, as fully as though the same were set forth herein at length.

36. The intentional conduct of the Defendant, and Defendant's employees, as aforementioned, caused the Plaintiff to suffer emotional distress, which may be of a permanent nature.

37. As a result of the aforementioned conduct, the Plaintiff has sustained injuries as set forth in paragraphs 15 through 23 of this Complaint, which said injuries are fully incorporated herein by reference.

CI-23-00300

WHEREFORE, Plaintiff LUIS TORRES CRESPO demands judgment against the Defendant, MARS in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT VI
### PLAINTIFF, LUIS TORRES CRESPO v. MARS
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff, LUIS TORRES CRESPO incorporates herein by reference paragraphs 1 through 37, inclusive, as fully as though the same were set forth herein at length.

39. Defendant, MARS, by its above referenced conduct, negligently caused severe emotional distress to LUIS TORRES CRESPO, which Plaintiff will have to live with for the remainder of his life.

WHEREFORE, Plaintiff, LUIS TORRES CRESPO, demands judgment in his favor and against Defendant, and requests an award of compensatory damages in excess of Fifty Thousand ($50,000,00) Dollars.

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Jan 13 2023 11:00AM
Ryan McMinn

## COUNT VII
## PLAINTIFF, TSUTSUMI CUBAES TORRES v. DEFENDANT, MARS

40. The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

41. As a result of the aforesaid circumstance and negligence of Defendant, MARS Plaintiff, TSUTSUMI CUBAES TORRES, has been and probably will in the future be deprived of the aid, comfort, society and consortium of her husband, LUIS TORRES CRESPO.   CI-23-00300

**WHEREFORE**, Plaintiff, TSUTSUMI CUBAES TORRES, demands judgment against Defendant, MARS, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

**FURIA AND TURNER, LLC**

By: _____

**JAMES M. P. TURNER, JR., ESQUIRE**

14

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Jan 13 2023 11:00AM
Ryan McMinn

# VERIFICATION

CI-23-00300

LUIS TORRES CRESPO

I, ———————————————, hereby verify that I am the Plaintiff in the within action;

that the facts contained in the foregoing pleadings are true and correct to the best of my knowledge,

information and belief; and that these statements are made subject to the penalties of 18 PA C.S. §4904

relating to unsworn falsification to authorities.

x _Luis C. Torres_