IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS TORRES CRESPO and<br>TSU TSUMI CUEBAS TORRES H/W<br><br>Plaintiffs,<br><br>v.<br><br>MARS WRIGLEY CONFECTIONARY US,<br>LLC<br><br>Defendant. | CIVIL ACTION NO.: 2:23-cv-00744 |

**BRIEF IN SUPPORT OF DEFENDANT'S, MARS WRIGLEY CONFECTIONARY US, LLC'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

**I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

This matter arises from an alleged incident that occurred on June 9, 2022, at Moving Defendant's facility located at 295 Brown Street, Elizabethtown, PA 17022. Plaintiff commenced this action by the filing of a Complaint against Moving Defendant in the Lancaster County Court of Common Pleas on January 13, 2023. Service of the Complaint was subsequently effectuated upon Moving Defendant on February 7, 2023. On February 27, 2023, Moving Defendant timely removed the instant matter to this Court.

Plaintiff's Complaint alleges that on the date of the subject incident, Plaintiff's employer I.K. Stoltzfus Service Corporation was retained by Moving Defendant to clean a Dove chocolate batching 20 micron tank at Moving Defendant's facility. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A."** *See* ¶ 5. Plaintiff's Complaint further alleges that while cleaning the micron tank, the composite material that was remaining in the tank at the time

that the cleaning was commenced, hardened, resulting in Plaintiff becoming trapped in said tank. *See* Exhibit "A" ¶ 8.

Plaintiff baldly asserts that despite "Plaintiff's cries for help," Moving Defendant refused to extricate Plaintiff from the tank, resulting in Plaintiff becoming trapped in the aforementioned hardened substance for over six (6) hours. *See* Exhibit "A" ¶ 9. As per Plaintiff's Complaint, local authorities were subsequently contacted and proceeded to cut a hole in the tank in order to free Plaintiff from the hardened substance. It is alleged that Plaintiff was "in and out of consciousness" at the time that he was removed from the tank. *Id.* Plaintiff alleges that Moving Defendant's conduct was "so reckless and irresponsible as to rise to the level of gross negligence or willful and wanton misconduct justifying the imposition of punitive damages." *See* Exhibit "A" ¶ 27.

Plaintiff's Complaint brings causes of action sounding in Negligence, False Imprisonment, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Loss of Consortium, as well as unsupported claims for Punitive Damages. *See* Exhibit "A" generally. Moving Defendant requests dismissal of all allegations of recklessness and claims for punitive damages contained in Plaintiff's Complaint as well as the causes of action for False Imprisonment and Intentional Infliction of Emotional Distress as Plaintiff's Complaint fails to set forth sufficient allegations to substantiate the aforementioned.

II.   **STATEMENT OF QUESTIONS INVOLVED**

1. **Question:**  Should all allegations of reckless, willful, and wanton misconduct on the part of Mars Wrigley Confectionary US, LLC and all claims for punitive damages be dismissed as legally insufficient?

**Suggested Answer:** Yes.

2. **Question:** Should Plaintiff's cause of action for False Imprisonment be dismissed as legally insufficient?

   **Suggested Answer:** Yes.

3. **Question:** Should Plaintiff's cause of action for Intentional Infliction of Emotional Distress be dismissed as legally insufficient?

   **Suggest Answer:** Yes.

### III.    LEGAL ARGUMENT

   **A.    Standard of Review – Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

The pleading standards relevant to a motion to dismiss are set forth by Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court clarified the pleading standard applicable to Rule 12(b)(6) in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). Pursuant to *Twombly* a complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. This requires plaintiffs to "nudge their claims across the line from conceivable to plausible." *Id.* Under *Twombly*, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support of these claims." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

The Court further clarified the pleading standard in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), stating: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffice" to defeat a Rule 12(b)(6) motion. *Id.* at 1949. Additionally, the Court in *Iqbal* developed a two-step process to be followed when analyzing a motion to dismiss. First, although "a court must accept as true all of the allegations contained in a complaint," that tenet is inapplicable to legal conclusions, and "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, with respect to any surviving well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. The Court elaborated on plausibility and stated, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949, *quoting Twombly*, 550 U.S. at 555. Moreover, "naked assertion[s] devoid of further factual enhancement are insufficient." *Id.* at 1949, *quoting Twombly*, 550 U.S. at 557. Thus, the plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

    **B.**    **Plaintiff's Complaint Fails to Set Forth a Factual Basis to Support Allegations of Recklessness and Claims for Punitive Damages**

State law, in this case, Pennsylvania law, provides the legal standard for awarding punitive damages. *See, e.g., Johnson v. Occidental Fire & Cas. Co. of N.C.,* 954 F.2d 1581, 1585 (11th Cir. 1992) (using state choice-of-law rules to determine whether punitive damages are allowed pursuant to the substantive law of different states); *Enron Corp. v. Lawyers Title Ins. Corp.,* 940 F.2d 307, 312-13 (8th Cir. 1991)(same). The Superior Court has unequivocally stated that punitive damages may only be awarded under Pennsylvania law "'for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.'" *Id.* at *10 (quoting *Hutchison v. Luddy*, 582 Pa. 114, 870 A.2d 766, 770 (Pa. 2005)). Moreover, as the Superior Court recognized, "'punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.'" *Id.* at *11 (quoting *Hutchinson,* 870 A.2d at 770). A plaintiff must therefore establish that the "defendant had a subjective appreciation of the risk of harm to which the plaintiff was

exposed and that the defendant acted, or failed to act, in conscious disregard of that risk" to support a claim for punitive damages. *Id*. (citing *Hutchinson,* 870 A.2d at 772).

"'Ordinary negligence, involving inadvertence, mistake or error of judgment will not support an award of punitive damages.'" *Id.* (quoting *Hutchinson v. Penske Truck Leasing Co.*, Pa. 876 A.2d 978, 983-84 (Pa. Super. 2005), *aff'd*, 592 Pa. 38, 922 A.2d 890 (Pa. 2007)). In order to properly allege punitive damages, factual allegations of intentional, reckless, willful, wanton, and outrageous conduct must be asserted. Furthermore, a plaintiff has a substantial burden in establishing the necessary facts upon which the right to recover punitive damages depends. *Chambers v. Montgomery*, 192 A.2d 355 (Pa. 1963). Essentially, the pleadings must allege facts sufficient to demonstrate an evil motive or a reckless indifference to the rights of others. *Great West Life Assurance Company v. Levithan*, 834 F. Supp. 858, 864 (E.D. Pa. 1993) (citing *McDaniel v. Merck, Sharp & Dohme*, 533 A.2d 436, 447 (Pa. Super. 1987)).

In the instant matter, Plaintiff has failed to set forth any factual allegations of actual conduct by Moving Defendant capable of supporting a punitive damages award. Specifically, while Plaintiff's Complaint includes a multitude of allegations in support of his claim that his damages were caused "solely by the negligence, recklessness and carelessness" of Moving Defendant, these allegations all sound in negligence and are primarily based on a failure to act. *See* Exhibit 1 at ¶13 (a-gg). Plaintiff solely relies on these allegations throughout his Complaint in an effort to support his claim for punitive damages. It is of utmost importance to note that none of the allegations set forth in Plaintiff's Complaint give rise to willful and wanton misconduct as is required by the well-established jurisprudence of the Commonwealth of Pennsylvania. Moreover, the allegations simply do not explain how Moving Defendant's conduct was tantamount to an evil motive or a reckless indifference to the rights of others.

It is evident that Plaintiff's Complaint falls woefully short of pleading evidence to meet the strict standard for punitive damages under Pennsylvania law. Accordingly, consistent with the significant body of case law regarding punitive damages, this Honorable Court should strike all allegations of recklessness as well as claims for punitive damages contained in Plaintiff's Complaint.

### C. Plaintiff Has Failed to Establish a Cause of Action for False Imprisonment

Pursuant to Pennsylvania law, in order to state a claim for the tort of false imprisonment, a plaintiff must establish that "the defendant (1) acted with the intent to confine the plaintiff within boundaries fixed by the defendant; (2) defendant's actions directly or indirectly resulted in such confinement; and (3) plaintiff is conscious of the confinement or is harmed by it." *Walker v. City of Philadelphia*, 2004 U.S. Dist. LEXIS 4330, *15. Notably, to successfully establish a cause of action for false imprisonment, "some element of force, threatened force or actual physical restraint is necessary." *Id.* (citing *Crivellaro v. Pa. Power and Light Co.,* 24 Pa. D. & C.3d 590, 595 (Lehigh 1982)).

Count IV of Plaintiffs' Complaint baldly alleges that on the date of the subject incident, Moving Defendant "intentionally, wrongfully and without cause falsely imprisoned the Plaintiff within the aforesaid tank and/or within a portion thereof for approximately six (6) hours while Plaintiff repeated (*sic*) screamed for help begging the Defendant's employees to extricate him from the tank in question and the Defendant's employees simply ignored Plaintiff's cries." *See* Exhibit "A" ¶ 29. These allegations are nothing more than legal conclusions and do not provide the necessary factual basis to meet the requisite elements for a cause of action for false imprisonment. In fact, this Honorable Court need not move beyond the first element, as Plaintiff has not set forth a scintilla of evidence which demonstrates that Moving Defendant intended to confine Plaintiff within the subject tank. Plaintiff's Complaint makes clear that Plaintiff intentionally and voluntarily entered the tank on his own in order

to clean the tank. There is no allegation that Plaintiff was forced, coerced or physically placed into the tank by the Moving Defendant. Plaintiff's Complaint further asserts that Plaintiff became stuck in the tank because the composite material in the tank hardened around him. Moreover, there is no allegation that Moving Defendant purposefully took action to cause the composite material in the tank to harden while Plaintiff was inside the tank. Therefore, consistent with the court in *Crivellaro*, there are no allegations which demonstrate any element of force, threatened force or actual physical restraint on the part of Moving Defendant whatsoever.

*Twombley* has made clear that "naked assertion[s] devoid of further factual enhancement are insufficient." It is evident from the allegations contained in Plaintiff's Complaint that the foundation of his false imprisonment cause of action is built upon nothing more than naked assertions. Plaintiff's cause of action for false imprisonment must therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### D. Plaintiff Has Failed to Establish a Cause of Action for Intentional Infliction of Emotional Distress

In Pennsylvania, a cause of action for intentional infliction of emotional distress is established when a plaintiff alleges that extreme and outrageous conduct intentionally or recklessly caused severe emotional distress. *Van Cleve v. Nordstrom Inc.* 64 F. Supp. 2d 459, 464 (E.D. Pa. 1999). The foundation of a cause of action for intentional infliction of emotional distress is that the conduct alleged must be of an extreme or outrageous nature. *Id.* Outrageous or extreme conduct has been defined as conduct that is "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." *Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1122 n.5 (Pa. Super. 2004). The Supreme Court of Pennsylvania elaborated on this further and stated that "[i]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he

has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort." *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998). As a result, claims for intentional infliction of emotional distress have generally only been permitted to proceed under the most egregious circumstances. *See Banyas v. Lower Bucks Hospital*, 437 A.2d 1236 (1981)(defendants intentionally fabricated records to suggest that plaintiff had killed a third party, which led to plaintiff being indicted for homicide); *Chuy v. Philadelphia Eagles Football Club,* 595 F.2d 1265 (3d Cir. 1979) (defendant's team physician released information to the press that plaintiff was suffering from a fatal disease, when the physician knew that this information was false).

Count V of Plaintiffs' Complaint appears to allege a cause of action for intentional infliction of emotional distress. Specifically, Count V alleges that "[t]he intentional conduct of the Defendant, and Defendant's employees, as aforementioned, caused the Plaintiff to suffer emotional distress, which may be of a permanent nature." *See* Exhibit "A" ¶ 29. Plaintiff's Complaint once again lacks factual substantiation for his claims and relies solely on the conclusory allegations contained in the prior Counts. Notably, and of utmost importance, is the fact that Plaintiff's Complaint contains absolutely no allegations which show that Moving Defendant's alleged conduct was of an extreme or outrageous nature.

There is no conceivable reading of Plaintiff's Complaint which would permit a finding that Moving Defendant's alleged conduct went beyond all possible bounds of decency, and can be regarded as atrocious, and utterly intolerable in civilized society. As discussed above, such a showing is essential to a claim for intentional infliction of emotional distress. Moreover, the factual circumstances as alleged by Plaintiff pale in comparison to those in *Banyas* and *Chuy* and simply do not rise to the level of egregiousness required for a claim for intentional infliction of emotional

distress to proceed. As a result, Plaintiff's cause of action for intentional infliction of emotional distress must be dismissed for failure to state a claim upon which relief may be granted.

## IV.     CONCLUSION

Based on the foregoing, Moving Defendant, Mars Wrigley Confectionary US, LLC, respectfully requests that all allegations of reckless, willful, and wanton conduct as well as Plaintiff's claims for punitive damages be dismissed. Additionally, Moving Defendant respectfully requests dismissal of Plaintiff's causes of action for false imprisonment and negligent infliction of emotional distress. It is evident that Plaintiff's Complaint falls woefully short of adhering to the pleading standards required by Federal Rule of Civil Procedure 12(b)(6) and that dismissal is therefore warranted in this matter.

Respectfully Submitted,

**GOLDBERG SEGALLA LLP**

BY:   */s/ Christina L. Capobianco*

**CHRISTINA L. CAPOBIANCO**
**VIKAS BOWRY**
Attorneys for Defendant,
Mars Wrigley Confectionary US, LLC

Dated:  March 3, 2023