IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS TORRES CRESPO, *et al.*,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MARS WRIGLEY CONFECTIONERY US, LLC,<br>　　　　　Defendant. | Civil No. 5:23-cv-00744-JMG |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                           **May 17, 2023**

## I.  OVERVIEW

Plaintiffs, husband and wife, bring claims against Defendant, Mars Wrigley Confectionary, LLC ("Mars"), after Plaintiff, husband, became trapped in a hardened chocolate substance while cleaning a tank at Defendant's facility. Plaintiffs allege that for six (6) hours, Defendant and Defendant's employees ignored Plaintiff's cries for help, and refused to drill a hole in the tank to free Plaintiff. Defendant moves to dismiss Plaintiffs' allegations of recklessness, punitive damages, false imprisonment, and intentional infliction of emotional distress. For the reasons that follow, Defendant's motion is denied.

## II.  BACKGROUND

Plaintiffs, Luis Torres Crespo ("Torres Crespo") and Tsutsumi Cuebas Torres ("Cuebas Torres")[1], filed the instant action on January 13, 2023 in the Lancaster County Court of Common Pleas. *See*

---

[1] Plaintiffs' Complaint spells Plaintiff's name differently throughout: using the spellings "Cuebas Torres" and "Cubaes Torres." Because the caption to Plaintiffs' Complaint uses the spelling "Cuebas Torres," the Court adopts this spelling. Plaintiffs shall advise the Court if this spelling is incorrect.

Complaint [ECF No. 1-2]. Defendant, Mars Wrigley Confectionary, LLC ("Mars") removed the action to federal court on February 27, 2023. *See* Notice and Petition of Removal [ECF No. 1-2].

Plaintiffs, husband and wife, bring claims against Defendant after Plaintiff Torres Crespo spent over six (6) hours trapped in a chocolate micron tank in Defendant's facility. Complaint at ¶ 9. Plaintiffs allege Torres Crespo's employer, I.K. Stoltzfus Service Corporation, an industrial cleaner, was retained by Defendant to clean chocolate tanks at Defendant's factory. *Id.* at ¶ 5. On or about June 9, 2022, Torres Crespo alleges he was instructed by Defendant's employees to enter a Dove chocolate batching 20 micron tank and clean it. *Id.* at ¶ 6. While cleaning the tank, Plaintiffs allege a "composite" that was remaining in the tank "hardened," trapping Torres Crespo in the "composite" and tank. *Id.* at ¶ 8. Torres Crespo alleges that despite his cries for help and requests that Defendant's employees extricate him, Defendant's employees "refused to extricate the Plaintiff from the hardened substance by simply cutting a hole in the micron tank itself, leaving Plaintiff trapped in the hardened substance for over six (6) hours," until local authorities arrived on the scene to cut a hole in the tank, freeing Torres Crespo. *Id.* at ¶ 9. Plaintiffs allege Torres Crespo sustained "grave and traumatic injuries, including injuries to his left knee, left kidney, entire left leg from below the knee, head; the full extent of which is not yet known, including, but not limited to, rhabdomyolysis; acute kidney injury; right ankle sprain; right knee sprain, left knee sprain, right leg laceration; anxiety; post-traumatic stress disorder; depression; sleep disturbance; disruptions in functioning including increased feelings of dysphoria, avoidance behaviors at work; increased emotional distress, mode lability and panic; flashbacks; social withdrawal; nightmares; severe aches, pains and mental anguish; injury to his nerves and nervous systems, whereby he has in the past, and will continue in the future to suffer pain." *Id.* at ¶ 15.

Plaintiffs' Complaint brings seven counts. Count I appears to bring a negligence claim on behalf of Torres Crespo; Count II appears to aver the damages sustained by Torres Crespo; Count III appears to aver a claim for punitive damages on behalf of Torres Crespo; Count IV appears to aver a false imprisonment claim on behalf of Torres Crespo; Count V appears to aver a claim of intentional inflection of emotional distress on behalf of Torres Crespo; Count VI appears to aver a claim of negligent infliction of emotional distress on behalf of Torres Crespo, and Count VII avers a loss of consortium claim on behalf of Cuebas Torres. *Id.* at ¶¶ 11-41.

On March 3, 2023, Defendant filed a Partial Motion to Dismiss Plaintiffs' allegations of recklessness, claims of punitive damages, false imprisonment, and intentional infliction of emotional distress. *See* Defendant's Partial Motion to Dismiss [ECF No. 3]. Plaintiffs filed a Response in Opposition on March 10, 2023. [ECF No. 5]. The Motion is now ripe for adjudication.

### III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "The pleading standard 'is not akin to a 'probability requirement''" rather, "to survive a motion to dismiss, a complaint merely has to state a 'plausible claim for relief.'" *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 558 U.S. 662, 678-79 (2009)).

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, the exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Courts must "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Id.* at 229.

IV. **ANALYSIS**
   a. **The Court Declines to Dismiss Plaintiffs' Allegations of Recklessness and Claims for Punitive Damages**

Defendant seeks dismissal of Plaintiff's allegations of recklessness and claims for punitive damages on the grounds Plaintiffs' Complaint fails to plead factual allegations demonstrating reckless conduct or supporting a punitive damages award. *See* Partial MTD at pg. 5 of 9 [ECF No. 3-1].

"To state a claim for punitive damages under Pennsylvania law, 'the pleadings must allege facts sufficient to demonstrate evil motive or reckless indifference to the rights of others.'" *Incollingo v. Rivera*, No. 22-cv-01789, 2022 U.S. Dist. LEXIS 182094 at *4-5 (E.D. Pa. Oct. 4, 2022) (quoting *Mulholland v. Gonzalez*, No. 08-3901, 2008 U.S. Dist. LEXIS 102876, 2008 WL 5273588 at *5 (E.D. Pa. Dec. 18, 2008)). *See also Hutchinson v. Luddy*, 582 Pa. 114, 121 (Pa. 2005) ("The standard governing the award of punitive damages in Pennsylvania is settled. 'Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.'") (quoting *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742, 747 (Pa. 1984)). This standard is satisfied where a Plaintiff alleges "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, ***or failed to act***, as the case may be, in conscious disregard of that risk." *Hutchinson*, 582 Pa. at 124 (emphasis

added). *See also Ehrenberg v. Lisk Trucking, Inc.*, No. 3:18-cv-007, 2018 U.S. Dist. LEXIS 192287 at *17 (M.D. Pa. Nov. 8, 2018).

Defendant alleges Plaintiffs "allegations all sound in negligence and are primarily based on a failure to act." *See* Partial MTD at pg. 5 of 9 [ECF No. 3-1]. However, pursuant to the foregoing test articulated by the Pennsylvania Supreme Court in *Hutchinson*, a defendant's failure to act may give rise to an award of punitive damages where that failure to act is "in conscious disregard" of a risk of harm to the plaintiff of which the defendant was subjectively aware. *Hutchinson*, 582 Pa. at 124. Here, Plaintiffs allege (1) Defendant and its employees had a subjective appreciation of the risk of harm to which Plaintiff Torres Crespo was exposed: Defendant failed to "warn Plaintiff that there had been prior entrapments in the tank in question" previously, or that Defendant failed to conduct periodic inspections of the tank or lock out all of the tank's energy sources. *See* Complaint at ¶ 13 [ECF No. 1-2]. Moreover, the Complaint alleges Defendant became aware Torres Crespo was "trapped in the hardened substance." *Id.* at ¶ 9. Plaintiffs further allege (2) that Defendant failed to act, in conscious disregard of the risk of harm to Plaintiff: "Despite the Plaintiff's cries for help…Defendant Mars refused to extricate the Plaintiff from the hardened substance by simply cutting a hole in the micron tank itself." *Id.* Rather than "immediately extricating the Plaintiff from the tank," the Complaint avers Defendant left Torres Crespo "trapped in Defendant's tank for six (6) hours before notifying local authorities." *Id.* at ¶ 13(z). Plaintiffs allege Torres Crespo was "in and out of consciousness" by the time he was extricated. *Id.* at ¶ 9.

Therefore, Plaintiff pleads enough, at the motion to dismiss stage, to warrant discovery on Plaintiffs' allegations of recklessness and claims for punitive damages. *See Cobb v. Nye*, No. 4:14-cv-0865, 2014 U.S. Dist. LEXIS 172087 at *9-10 (M.D. Pa. Dec. 12, 2014) (denying motion to dismiss claim for punitive damages, holding "Plaintiffs have pled that the Defendants acted in a gross,

wanton and reckless manner, and that they acted without due regard for the safety of the Plaintiffs. These allegations, if proven, may support a claim for punitive damages, even though Plaintiffs' Complaint sounds primarily in negligence."); *Schwartz v. Lackawanna Cnty.*, No. 4:21-cv-1645, 2022 U.S. Dist. LEXIS 109748 at *29-30 (M.D. Pa. June 21, 2022) (holding "dismissal of Plaintiff's request for punitive damages…is premature at this time Plaintiff has alleged that the [] Defendants acted in a 'reckless,' 'outrageous,' and 'grossly indifferent' manner. [] Therefore, discovery is necessary to determine whether the [] Defendants' actions were merely negligent, or outrageous.").

### b. The Complaint States a Claim for False Imprisonment

Defendant also moves to dismiss Plaintiffs' false imprisonment claim. *See* Partial MTD at pg. 6 of 9 [ECF No. 3-1]. To state a claim for false imprisonment under Pennsylvania law, a Plaintiff must allege unlawful detention brought about by "(1) acts intending to confine another within boundaries fixed by another (2) which directly or indirectly result in such confinement (3) of which the plaintiff is conscious or by which the plaintiff is harmed." *Regan v. Upper Darby Twp.*, 363 Fed. Appx. 917, 922 (3d Cir. 2010). "A plaintiff cannot establish a claim for false imprisonment if there is a known means of escape involving nothing more than slight inconvenience." *James v. City of Wilkes-Barre*, No. 3:10-cv-1534, 2011 U.S. Dist. LEXIS 90626 at *27 (M.D. Pa. June 17, 2011). In other words, "[a]bsent **force or physical barriers**, a claim of false imprisonment cannot rest upon a mere belief that one is confined." *Id.* (emphasis added).

Defendant seeks dismissal of this claim on the grounds that (1) "Plaintiff has not set forth a scintilla of evidence which demonstrates that Moving Defendant intended to confine Plaintiff within the subject tank" and (2) "[t]here is no allegation that Plaintiff was forced, coerced or physically placed into the thank by the Moving Defendant." *See* Partial MTD at pgs. 6-7 of 9 [ECF No. 3-1]. As to (1), whether Plaintiffs present sufficient evidence to demonstrate Defendant's intent to confine

6

Plaintiff is an issue better suited for a motion for summary judgment. At the motion to dismiss stage, it is enough that Plaintiffs allege Defendant "intentionally…imprisoned Plaintiff within the aforesaid tank and/or within a portion thereof for approximately six (6) hours while Plaintiff repeated[ly] screamed for help begging the Defendant's employees to extricate from the thank in question and the Defendant's employees simply ignored Plaintiff's cries." Complaint at ¶ 29 [ECF No. 1-2]. At this stage, the Court must take the Plaintiffs' allegations as true. Because Plaintiffs plead Defendant knowingly refused to extricate Plaintiff Torres Crespo from Defendant's tank, Plaintiffs state a claim for false imprisonment. The intent requirement of a false imprisonment claim may be satisfied even where the defendant did not knowingly cause or intend the plaintiff's confinement at the outset, but subsequently ratified or continued the allegedly unlawful confinement. *See Tyson v. District of Columbia*, No. 20-1450, 2021 U.S. Dist. LEXIS 200647 at *10 (D.D.C. Oct. 19, 2021) (denying motion to dismiss false imprisonment claim where plaintiff alleged defendant did not learn of plaintiff's allegedly false imprisonment until *after* confinement began, but before confinement ended, holding "[t]hese allegations, taken as true, support the inference that" the defendant "may have had personal knowledge" of the plaintiff's confinement and further holding defendant's argument "that her after-the-fact knowledge negates any findings of false arrest…misconstrues the role of intent in false imprisonment.").

Second, (2) Plaintiffs need not allege Torres Crespo's confinement was procured by force or threat of force, because Plaintiffs allege Torres Crespo was in fact physically confined in the tank by the hardened composite substance when Defendant allegedly refused to extricate Plaintiff from the tank. *See* Complaint at ¶ 9 [ECF No. 1-2]. *See also Walker v. City of Philadelphia*, No. 02-8324, 2004 U.S. Dist. LEXIS 4330 at *15 ("some element of force, threatened force **or actual physical restraint** is necessary for a plaintiff to establish a cause of action for false imprisonment.") (quoting *Crivellaro v. Pa. Power and Light Co.*, 24 Pa. D. & C.3d 590, 595 (Lehigh C.C.P. 1982)) (emphasis added).

Accordingly, the Court declines to dismiss Plaintiffs' false imprisonment claim at this early stage of litigation.

### c. The Complaint States a Claim for Intentional Infliction of Emotional Distress

To state a claim for Intentional Infliction of Emotional Distress under Pennsylvania law, "a plaintiff must allege that (1) defendant's conduct was intentional or reckless; (2) defendant's conduct was extreme and outrageous; (3) defendant's conduct caused emotional distress; and (4) the resultant emotional distress was severe." *Simpson v. Phila. Sheriff's Office*, 351 F. Supp. 3d 919, 926 (E.D. Pa. 2019). "A plaintiff must also allege physical manifestations of the disease." *M.S. v. Susquehanna Twp. Sch. Dist.*, 43 F. Supp. 3d 412, 430 (M.D. Pa. 2014). "Under Pennsylvania law, it is for the court to determine…whether [the] defendant's conduct can be reasonably regarded as so extreme and outrageous to permit recovery." *Corbett v. Morgenstern*, 934 F. Supp. 680, 684 (E.D. Pa. 1996). "Courts have limited 'outrageous' conduct to that which goes 'beyond all possible bounds of decency, and is regarded as atrocious, and utterly intolerable in a civilized community." *Simpson v. Phila. Sheriff's Office*, 351 F. Supp. 3d 919, 926 (E.D. Pa. 2019) (quoting *Fugarino v. Univ. Servs.*, 123 F. Supp. 838, 844 (E.D. Pa. 2000)).

Here, Plaintiffs allege that Defendant ignored Plaintiff's cries for help when he was trapped in the hardened composite within the Defendant's tank for six hours, refusing to cut a hole in tank to extricate Torres Crespo. Complaint at ¶¶ 9; 29 [ECF No. 1-2]. By the time Torres Crespo was extricated, Plaintiffs allege he was "in and out of consciousness." *Id.* at ¶ 9. Plaintiffs allege Torres Crespo suffered the following injuries as a result of the incident: "grave and traumatic injuries, including injuries to his left knee, left kidney, entire left leg from below the knee, head; the full extent of which is not yet known, including, but not limited to, rhabdomyolysis; acute kidney injury; right ankle sprain; right knee sprain, left knee sprain, right leg laceration; anxiety; post-traumatic stress

disorder; depression; sleep disturbance; disruptions in functioning including increased feelings of dysphoria, avoidance behaviors at work; increased emotional distress, mode lability and panic; flashbacks; social withdrawal; nightmares; severe aches, pains and mental anguish; injury to his nerves and nervous systems, whereby he has in the past, and will continue in the future to suffer pain." *Id.* at ¶ 15. Count V of the Complaint alleges "[t]he intentional conduct of the Defendant…caused the Plaintiff to suffer emotional distress, which may be of a permanent nature" and that as a result of this conduct, Torres Crespo "sustained injuries as set forth in paragraphs 15 through 23 of this Complaint." *Id.* at ¶¶ 36-37.

Defendant contends this claim "lacks factual substantiation" and instead "relies solely on the conclusory allegations contained in prior counts." *See* Partial MTD at pg. 8 of 9 [ECF No. 3-1]. Defendant also argues the alleged conduct is not extreme or outrageous in nature so as to permit recovery. *Id.*

The Court disagrees. Accepting, as the Court must at this stage, Plaintiffs' allegations that Defendant ignored Torres Crespo's cries for help as he spent six (6) hours trapped in Defendant's tank, it is plausible that a subsequently developed factual record could support a determination that Defendant's conduct in refusing to extricate Plaintiff was sufficiently outrageous. *See Gillespie v. Pa. State Police*, 574 F. Supp. 3d 272, 291 (E.D. Pa. 2021) (treating motion to dismiss intentional infliction of emotional distress claim as motion for summary judgment, holding determination of "outrageousness" of defendant's conduct required examination of factual/evidentiary record). The Court finds, at this early stage, Plaintiffs have plead sufficient factual allegations to survive dismissal of the negligent infliction of emotional distress count. *See Thompson v. United States*, No. 16-3287, 2017 U.S. Dist. LEXIS 107574 at *13 (E.D. Pa. July 12, 2017) (Plaintiff's pleading "that he suffered

'severe emotional distress which manifests itself in physical symptoms,' 'emotional trauma,' and 'loss of the enjoyment of life'" was "sufficient to survive" motion to dismiss).

## V. CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss [ECF No. 3] is **DENIED**. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge