IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS TORRES CRESPO, *et al.*, : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil No. 5:23-cv-00744-JMG |
| : | |
| MARS WRIGLEY CONFECTIONERY US, LLC, : | |
| Defendant. : | |

MEMORANDUM OPINION

GALLAGHER, J.                                                                                                April 11, 2024

## I. OVERVIEW

Plaintiffs, husband and wife, are bringing claims against Defendant, Mars Wrigley Confectionery US, LLC, after Plaintiff, husband, while cleaning a tank at Defendant's facility, became trapped in a hardened chocolate substance. Movant Allied Eastern Indemnity Co. ("Movant") seeks to intervene in this tort case pursuant to Federal Rule of Civil Procedure 24(a). For the reasons that follow, Movant's motion is denied.

## II. DISCUSSION

Movant argues, as a valid holder of a workers compensation lien, it has an interest in the underlying litigation brought by the employee-plaintiff and his consortium-deprived spouse, such that it must be permitted to join this action as a party. The Court disagrees.

Rule 24(a) states in relevant part "on timely motion, the court must permit anyone to intervene who… (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a). In order to intervene under Rule 24(a)(2), the party that seeks to intervene must meet the

following factors: "1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998)). A prospective intervenor must meet all four factors. *Mountain Top Condominium Association v. Dave Stabbert Master Builder*, 72 F.3d 361, 366 (3d Cir. 1995). Movant here meets none.

Taking these factors in order, the Court first finds the motion to intervene is untimely. Timeliness is determined in the Court's discretion based on all of the circumstances. *See Pennsylvania v. Rizzo*, 530 F.2d 501, 506 (3d Cir. 1976). As noted by Judge Tucker of this Court, in regard to an unjustified, three-month delay in filing a Rule 24 motion to intervene, this Circuit measures a movant's timeliness "from the point at which an applicant knows or should know, its rights are directly affected by the litigation." *Evans v. United States*, No. 5:15-cv-01839-PBT, 2018 WL 11414936, at *1n.1 (E.D. Pa. Dec. 18, 2018) (internal citation omitted).

It is undisputed here that Movant identified its claimed interest no later than November 2023. *See* ECF No. 26 at 4. Yet, it only filed its motion on March 13, 2024, approximately 13 months after the filing of the complaint, 9 months into the discovery process, and just days before the scheduled close of discovery as set in the Court's Second Amended Scheduling Order. Indeed, without the Court moving up the deadline to respond, the response to this motion to intervene would have fallen beyond the scheduled close of discovery. Moreover, allowing Movant to intervene at this late stage would likely require repeating discovery steps already concluded during the months the parties have been working pursuant to the scheduling orders. Likewise, discovery would have to be expanded to incorporate Movant's declared interest in the damages, while necessarily introducing into the mix the prejudicial topic of potential outside sources for payment of damages. *See, i.e., Royal Speciality*

*Underwriting, Inc. v. Mammoth, Inc.*, No. 4:CV-04-220, 2005 WL 8168615-KJH (M.D. Pa. March 3, 2005); *see also, McGinnis v. United Screw & Bolt Corp.*, 637 F. Supp. 9, 11 (E.D. Pa. 1985). Of additional note is Plaintiffs' response, which does not address timeliness at length but argues the motion to intervene is premature. ECF No. 27 at 3. Plaintiff is half-right. As will be discussed, Movant is both too late and too early.

As to the second factor, Movant claims to have a sufficient interest to intervene in this action because of the subrogation lien for workers' compensation benefits it paid to the employee-Plaintiff. The Court agrees that Movant has a rooting interest in the outcome of this case. That is, like Plaintiffs, Movant would like to see substantial damages awarded in this case so it can get paid. Here, this interest does not suffice.

"In general, a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (citation omitted). Instead, an intervenor must possess "an interest relating to the property or transaction which is the subject of the action." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (internal quotation marks and citation omitted). That interest must be "direct, as opposed to contingent or remote." *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987) (internal quotation marks and citation omitted).

Movant's interest in satisfaction of its lien from the proceeds of this case does not ripen until Defendant's liability for negligence is established. "Where, as here, the action is for damages in tort, a lienholder does not have an interest relating to the subject of the action. [Movant] has no interest in the merits of the action but only in the damages awarded to the Plaintiff." *Glyn v. Roy Al Boat Mgmt. Corp.*, 897 F. Supp. 451, 453 (D. Haw. 1995). The underlying suit simply concerns whether the defendant breached a duty of care to the employee-Plaintiff and, relatedly, whether that breach denied consortium to the spouse-Plaintiff. It does not concern whether the employee-Plaintiff owes anything

3

to Movant. *See Garcia v. S&F Logistics*, No. 5:21-cv-04062-JMG, 2022 WL 2392029, at *3 (E.D. Pa. July 1, 2022). That separate interest shall be considered shortly but - spoiler alert - it too fails to support Movant's motion to intervene at this time. As to the spouse-Plaintiff, it is an even easier call. As Movant acknowledges in its motion, it has no privity of interest with her consortium claim. ECF No. 26 at 7 (citing *Darr Const. Co. v. Workers' Compensation Appeal Bd*., 715 A.2d 1075, 1081 (1998)).

The third factor also eludes Movant because all hope is not lost if it is unable to intervene at this point. The stated concern is that the parties will enter a settlement agreement where a disproportionate dollar amount is allocated towards the loss of consortium claim and, as the argument goes, this would prevent Movant from recovering its lien. However, this is not accurate. Movant may still recover its lien, even in the event of an inequitable settlement or judgment, by bringing a separate action against the parties, which puts the third factor out of Movant's reach.

"In the event the settlement is unreasonably apportioned, an employer may always seek recourse in the court of common pleas." *Darr*, A.2d at 1081. "It has been held that an intervenor's interest will not be 'impaired or impeded' within the meaning of Rule 24(a) if the disposition of the present action will not preclude the intervenor from bringing suit in another forum to enforce its claim." *McGinnis*, 637 F. Supp. at 11. Likewise, if the case "proceed[s] to trial and a jury awards... damages for loss of consortium [Movant] can petition to intervene and request a judgment notwithstanding the verdict if it believes that the award is meritless or unreasonably harms their workers compensation lien." *Fahnestock v. E. All. Ins. Co.*, 1:13-CV-2417, 2016 WL 7384138, at *4 (M.D. Pa. Dec. 21, 2016); *see also* Fed.R.Civ.P. 59(e). With these other potential avenues available to Movant, it is inappropriate for it to intervene at this time.

The Movant also fails to satisfy the final factor which requires it to establish that the parties do not adequately represent its interests in this case. Here, the Court looks for "factors [such] as proof of

collusion between the representative and the opposing party, any adverse interest between the applicant and the representative, and whether there is any indication that the representative has been less than diligent in prosecuting the litigation." *Olden v. Hagerstown Cash Register., Inc.*, 619 F.2d 271, 274-75 (3d Cir. 1980).

Movant here emphasizes its concern for potential abuse by the parties in fashioning an "inequitable settlement allocation" which favors spouse-Plaintiff's consortium claim, which is not subject to Movant's lien, over employee-Plaintiff's tort claims, which is. ECF No. 26 at 7-8. Said otherwise, Movant is concerned the parties will collude to fashion a settlement that defrauds Movant and its right to claim from employee-Plaintiff because Plaintiffs, collectively, "are incentivized to care about the total amount of money they, as a marital unit, walk away from this case with." *Id.* at 8. In support, Movant claims counsel for Plaintiffs advised Movant in email correspondence, "he would not protect [Movant's] lien from an inequitable allocation toward the [] loss of consortium claim." *Id.* at 4. However, not found among Movant's attachments to this motion is any documentation of this claim. On the other side, the Court has Plaintiff's Response where counsel represents that "it will protect [Movant's] Worker's Compensation Lien and right of recovery." ECF No. 27 at 3. Counsel also reiterates Plaintiffs' claim that this motion to intervene is premature, stating "no party has prevented [Movant] from later participating in settlement negotiations if there are any." *Id.* at 4. Indeed, "as a general rule, the compensation carrier participates in settlement negotiations in the underlying tort suit without attempting to formally intervene." *McGinnis*, 637 F. Supp. at 11

As discussed previously, if Movant believes the parties are colluding or otherwise failing to adequately represent Movant's interest in repayment of its lien, there are other effective avenues of redress, which does not include intervening at this time.

### III. CONCLUSION

Movant has failed to establish the Rule 24(a) factors necessary for it to intervene in this matter. Moreover, it is fairly noted, "[w]ere this court to agree that [Movant] could intervene and that this court should rule on the validity of [its] claim to a portion of the judgment, it would transform every civil suit into a kind of exaggerated interpleader action where all potential creditors of all parties could assert their rights." *Glyn*, 897 F. Supp. at 453.

For the foregoing reasons, Movant's Motion to Intervene (ECF No. 26) is **DENIED**. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge