IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS TORRES CRESPO, *et al.*, : | |
|       Plaintiffs, : | |
| : | |
| v. : | Civil No. 5:23-cv-00744-JMG |
| : | |
| MARS WRIGLEY CONFECTIONERY US, LLC, : | |
|       Defendant. : | |

**ORDER**

**AND NOW**, this 6th day of May, 2024, upon consideration of Defendant Mars Wrigley Confectionary US, LLC's ("Mars") Motion for Summary Judgment (ECF No. 29)[1], the Brief in Support of Plaintiffs' Response to Defendant's Motion for Summary Judgment (ECF No. 32), and any and all exhibits and attachments thereto, and for the reasons set forth below,

**IT IS HEREBY ORDERED** that Defendant Mars's Motion for Summary Judgment (ECF No. 29) is **GRANTED in part** and **DENIED in part**.

1. Defendant's Motion is **GRANTED** as to Plaintiffs' Counts IV (False Imprisonment)[2] and V (Intentional Infliction of Emotional Distress ("IIED"))[3].

---

[1] Despite this motion's title, it is in fact a motion for *partial* summary judgment. It does not move for summary judgment as to Counts I, II, VI, or VII, which—with the exception of Count II—will proceed to trial in accordance with this Opinion.

[2] Because Plaintiffs do not oppose dismissal of Count IV (False Imprisonment), Pls.' Resp. at 10, and for the reasons stated in Defendant's motion for summary judgment, the Court dismisses Count IV.

[3] The high standard for IIED claims is reflected in the scarcity of triable issues those claims create. "It has been said that the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988) (internal quotation marks omitted) (*quoting Buczek v. First National Bank of Mifflintown*, 531 A.2d 1122, at 1125 (Super. Ct. 1987)). In the employment context, "it is extremely rare to find conduct . . .

2. Judgment is **ENTERED** in favor of Defendant and against Plaintiffs as to Counts IV (False Imprisonment) and V (IIED).

3. Defendant's Motion is **GRANTED in part** and **DENIED in part** as to Count III (Punitive Damages).[4] Count III (Punitive Damages) is **DISMISSED**.

**IT IS FURTHER ORDERED** that Count II (Damages) is **DISMISSED** *sua sponte*.[5]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of [IIED]." *See Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998) (*quoting Cox*, 861 F.2d at 395).

Though the Court recognizes the traumatic ordeal Mr. Crespo experienced, Plaintiffs' briefing does not establish an issue of fact as to the "atrocious" conduct necessary to create a triable issue. Whatever Defendant's culpability for its actions and inactions—such as failing to maintain a functioning retrieval system—its severity is tempered by Mars's clear concern for Mr. Crespo on the day in question. The record establishes that Mars exhibited enough concern for Mr. Crespo's safety to keep this matter quite far from conduct "utterly intolerable in a civilized society." *Cox*, 861 F.2d at 395.

[4] We dismiss this count because damages are not an independent cause of action. *See Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 802 (1989), *abrogated on other grounds*, 298 A.3d 44 (Pa. 2023). But we do not strike the requested relief because the record establishes a triable issue for the factfinder. Punitive damages require a showing of "intentional, reckless or malicious" conduct. *Feld v. Merriam*, 485 A.2d 742, 748 (Pa. 1984). Plaintiffs have identified an alarming lack of precautions taken by Defendant in the face of known, serious risks. To strike this relief, the Court must conclude that "no reasonable inference from the facts alleged supports a punitive award." *Keen v. C.R. Bard, Inc.*, 480 F. Supp. 3d 624, 646 (E.D. Pa. 2020) (*quoting Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 756 (E.D. Pa. 2007)). No such conclusion may be drawn on this record.

Though we dismiss the only intentional tort claim (Count V), *see* n.3 *supra*, a jury may still grant punitive damages for negligence. *See Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 773 (Pa. 2005).

[5] Defendants did not so move, but we dismiss this count without striking relief. *See* n.4 *supra*.